IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JESSE FULLER and<br>KATHY ROSE FULLER,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>FABER & BRAND, LLC,<br><br>　　　　　　Defendant. | )<br>)<br>)　　2:19-cv-00091<br>)<br>)<br>)<br>)<br>)<br>)　　JURY TRIAL DEMANDED<br>)<br>) |

## COMPLAINT

NOW COME the Plaintiffs, JESSE FULLER and KATHY ROSE FULLER, by and through their attorneys, SMITHMARCO, P.C., and for their complaint against the Defendant, FABER & BRAND, LLC, the Plaintiffs state as follows:

### I.　　PRELIMINARY STATEMENT

1.　　This is an action for actual and statutory damages for violations of the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II.　　JURISDICTION & VENUE

2.　　Jurisdiction arises under the EFTA, 15 U.S.C. §1693 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.　　Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.　　PARTIES

4.　　JESSEE FULLER, (hereinafter, "Jesse") is an individual who was at all relevant times residing in the City of La Plata, County of Macon, State of Missouri.

5.　　KATHY ROSE FULLER, (hereinafter, "Kathy") is an individual who was at all relevant times residing in the City of La Plata, County of Macon, State of Missouri.

1

6. As a natural person, Plaintiffs are "consumers" as that term is defined by 15 U.S.C. 1693a(6).

7. Defendant was attempting to collect a debt allegedly owed by Plaintiffs.

8. The debt that Plaintiffs were allegedly obligated to pay was a debt allegedly owed by Plaintiffs to Northeast Regional Medical Center (hereinafter, "the Debt").

9. The debt that Plaintiffs allegedly owed Northeast Regional Medical Center was for a medical bill which was for the personal use of Plaintiffs and/or used for household expenditure.

10. At all relevant times, Plaintiffs had an account in their names at NORTHEAST MISSOURI STATE BANK (hereinafter, "NSB").

11. At all relevant times, the account held by Plaintiffs at NSB was an asset account established to hold funds used primarily for Plaintiffs' personal use and/or household expenditures.

12. At all relevant times, the NSB held by Plaintiffs was an "account" as that term is defined by 15 U.S.C. §1693a(2).

13. At all relevant times NSB was a financial organization responsible for holding funds in an account belonging to Plaintiffs.

14. At all relevant times, NSB was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

15. FABER & BRAND, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri. Defendant's principal place of business is located in the State of Missouri. Defendant is registered as a limited liability company in the State of Missouri.

16. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. At all relevant times, Defendant received funds from Plaintiffs' NSB, which were transferred to Defendant electronically.

18. Defendant instructed NSB, through an electronic terminal, by telephone, or other electronic means, to transfer funds from Plaintiffs' NSB to Defendant.

19. Defendant received funds from Plaintiffs' NSB.

20. At all relevant times, the transfer of funds from Plaintiff's NSB to Defendant were "electronic fund transfers" as that term is defined by 15 U.S.C. §1692a(7).

21. The transfer of funds from Plaintiffs' NSB to Defendant were authorized by Plaintiff orally, in advance of the transfer, and were to recur regularly.

22. At all relevant times, the transfer of funds from Plaintiffs' NSB to Defendant were "preauthorized electronic fund transfers" as that term is defined by 15 U.S.C. §1693a(10).

### IV.   ALLEGATIONS

23. Plaintiffs was served with a lawsuit by Defendant, and sought to settle the matter out of court.

24. Plaintiffs called Defendant in an attempt to make a payment arrangement to satisfy the debt.

25. During the course of the telephone call between Plaintiffs and Defendant, the parties discussed entering into a payment agreement relative to the Debt.

26. During the course of the telephone call, Plaintiffs and Defendant agreed that Plaintiffs could pay Defendant $50.00 every two weeks, relative to the Debt.

27. During the course of the telephone call, Defendant informed Plaintiffs that it could electronically debit the monthly payments agreed upon by the parties from Plaintiffs' account.

28. Plaintiffs then provided Defendant with information relative to their NSB so that Defendant could automatically withdraw payments from said account in accordance with the terms of the payment arrangement entered into between the parties.

29. During the course of the aforesaid telephone call, Plaintiffs provided Defendant with their oral authorization for Defendant to electronically transfer funds from Plaintiffs' NSB to Defendant in accordance with the monthly payment terms agreed upon by the parties.

30. At no time during the aforesaid telephone conversation did Defendant advise Plaintiffs that in order for Defendant to be able to transfer funds from Plaintiffs' NSB, Plaintiffs had to provide Defendant with **written** consent to carry out the aforesaid transfer, as required by the Electronic Funds Transfer Act, 15 U.S.C. §1693(e)(a).

31. Plaintiffs have not provided Defendant with written authorization to transfer any funds from Plaintiffs' NSB to Defendant.

32. Defendant has not obtained written authorization from Plaintiffs to transfer funds from Plaintiffs' NSB to Defendant.

33. Plaintiffs have not provided Defendant with written authorization for Defendant to carry out any electronic fund transfers from Plaintiffs' NSB to Defendant.

34. Plaintiffs have not informed Defendant that they waived their right to provide Defendant with written authorization to execute the transfer of funds from Plaintiffs' NSB to Defendant.

35. On or about January 15, 2019, Defendant, attempted to withdraw $50.00 from Plaintiffs' NSB.

36. On or about January 15, 2019, Defendant withdrew $50.00 from Plaintiffs' NSB.

37. On or about January 15, 2019, Defendant transferred to Defendant $50.00 in funds from Plaintiffs' NSB.

38. On or about January 15, 2019, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiffs' NSB.

39. On or about January 15, 2019, at the time Defendant transferred the aforesaid funds to Defendant, from Plaintiffs' NSB, Defendant had not obtained written authorization from Plaintiffs to make the aforesaid transaction.

40. On or about January 15, 2019, at the time Defendant transferred the aforesaid funds to Defendant from Plaintiffs' NSB, NSB had not obtained written authorization from Plaintiffs to allow Defendant to make the aforesaid transaction.

41. At no time prior to January 15, 2019, did Defendant provide Plaintiffs with a copy of the putative written authorization Plaintiffs may have provided to Defendant to authorize Defendant to transfer funds from Plaintiff's NSB to Defendant.

42. The Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.*, provides in part as follows:

> §1693e – Preauthorized Transfers
>
> (a) A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made…

43. On or about January 15, 2019, Defendant carried out a preauthorized electronic fund transfer from Plaintiffs' NSB without having first obtained written consent from Plaintiffs to carry out the aforesaid transaction.

44. On or about January 15, 2019, Defendant carried out a preauthorized electronic fund transfer from Plaintiffs' NSB without having first provided Plaintiffs with a copy of the putative written authorization Plaintiffs may have provided to Defendant to carry out the aforesaid transaction.

45. On January 29, 2019, February 12, 2019, February 26, 2019, March 12, 2019, April 12, 2019, May 12, 2019, and June 12, 2019 Defendant transferred funds from Plaintiffs' NSB to Defendant without obtaining a written authorization signed or similarly authenticated form from Plaintiffs for Defendant to carry out the preauthorized electronic fund transfers from Plaintiffs' NSB, as delineated above, thereby violating, 15 U.S.C. §1693e(a).

46. On the aforesaid multiple occasions, Defendant transferred funds from Plaintiffs' NSB to Defendant without providing Plaintiffs a copy of a written authorization signed or similarly authenticated form by Plaintiffs for Defendant to carry out the preauthorized electronic fund transfers from Plaintiffs' ANBS account, as delineated above, thereby violating, 15 U.S.C. §1693e(a).

47. The Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq., acknowledged the right of consumers to have detailed notice of exactly when, how often, to whom, and for what reason funds may be transferred out of their asset bearing account(s) before such transfers are completed, as well as the right of consumers to be able to cancel any preauthorized transfer.

48. Defendant did not obtain from Plaintiffs written authorization consenting to electronic fund transfers from Plaintiffs' asset bearing account.

49.     Plaintiffs did not receive: (i) adequate notice of the precise timing or amount of each transfer of funds from their asset bearing account; (ii) adequate notice of the duration or frequency that the transfers were to be made; (iii) adequate notice of to whom each transfer is made; (iv) adequate notice of the purpose of the transfers or the effect that the transfers will have on Plaintiff's account; (v) sufficient information to be able to stop payment of a preauthorized transfer.

50.     Defendant's aforementioned conduct of failing to provide a written authorization causes a concrete harm to the Plaintiffs that was created by Congress in the EFTA by creating a statutory damage for the failure to obtain written authorization from Plaintiffs.  Plaintiffs are left without an important document that advises and reminds Plaintiffs that he/she authorized a third party to draw money from his account.  Without this authorization, Plaintiffs are left without the ability to keep track of all of his/her payees and where all of his/her money is going every month. Plaintiffs are entitled to have the written authorization prior to allowing the withdrawals so that Plaintiffs are armed with the information about the person or company that is taking money from his/her account to assure that the company he/she is allowing to take his/her money is a legitimate business that has an entitlement to collect this money from him/her.

51.     Defendant's conduct in violating 15 U.S.C. §1693e(a), directly and proximately caused Plaintiffs to suffer damages as set forth in the paragraphs above.

### V.     JURY DEMAND

52.     Plaintiffs hereby demand a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, JESSE FULLER AND KATHY ROSE FULLER, by and through his/her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiffs and against Defendant as follows:

     a.     All actual compensatory damages pursuant to 15 U.S.C. §1693m(a)(1);

     b.     Statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A);

     c.     Plaintiffs' attorneys' fees and costs pursuant to 15 U.S.C. §1693a(3); and,

     d.     Any other relief deemed appropriate by this Honorable Court.

                        Respectfully submitted,
                        **JESSE FULLER AND**
                        **KATHY ROSE FULLER**

                    By:    s/ David M. Marco
                          Attorney for Plaintiffs

Dated: December 14, 2019

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithmarco.com